UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN NAPOLITANO,

      Plaintiff,

      -against-

PATRICK RYDER, Police Commissioner, Nassau County, New York,

LT. MARK TIMPANO, Commander, Pistol License Section, Nassau County Police Department;

INVESTIGATOR LEAHY, Police Officer and Investigator, Nassau County Police Department, Pistol License Section,

And

The COUNTY OF NASSAU,

      Defendants

CIVIL ACTION NO.

COMPLAINT

Jury Trial Demanded

# COMPLAINT

1.     Plaintiff, JOHN NAPOLITANO, by and through his attorney, Robert T. Bean, files this his COMPLAINT and respectfully sets forth to this Court as follows:

## PRELIMINARY STATEMENT

Complaint                  1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN NAPOLITANO,

    Plaintiff,

    -against-

PATRICK RYDER, Police Commissioner, Nassau County, New York,

LT. MARK TIMPANO, Commander, Pistol License Section, Nassau County Police Department;

INVESTIGATOR LEAHY, Police Officer and Investigator, Nassau County Police Department, Pistol License Section,

And

The COUNTY OF NASSAU,

    Defendants

CIVIL ACTION NO.

COMPLAINT

Jury Trial Demanded

# COMPLAINT

1.     Plaintiff, JOHN NAPOLITANO, by and through his attorney, Robert T. Bean, files this his COMPLAINT and respectfully sets forth to this Court as follows:

## PRELIMINARY STATEMENT

2. This action is brought pursuant to the provisions of 42 U.S.C. § 1983 and § 1985 for deprivation of Plaintiff's constitutional rights and for the intentional infliction of emotional distress, the depravation of his rights to keep and bear arms, for denial of due process and for monetary damages resulting therefrom. The claims include the refusal of the Defendants to return Plaintiff's pistol license and prohibiting him from possessing any type of gun indefinitely.

## JURY TRIAL DEMANDED

3. Plaintiff demands trial by jury in this action.

## JURISDICTION AND VENUE

4. This action arises under the 2nd, 5th and 14th Amendments to the United States Constitution, under 42 U.S.C §§ 1983, 1985 and 1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. § 1331 and § 1343(a) (1), (2) and (3) and upon pendent and ancillary jurisdiction.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

7. The Plaintiff was and still is a resident citizen of the County of Nassau, State of New York.

8. Upon information and belief, at all times hereinafter mentioned, Defendant PATRICK RYDER is and was the Police Commissioner, Nassau County, New York, whose place of business is in Nassau County, New York.

9. Upon information and belief, at all times hereinafter mentioned, Defendant LT. MARK TIMPANO is and was the Commander of the Pistol License Section, Police Department of Nassau County, New York, whose place of business is in Nassau County, New York.

10. Upon information and belief, at all times hereinafter mentioned, Defendant INVESTIGATOR LEAHY, was and is a Police Officer and Investigator, Nassau County Police Department, Pistol License Section, whose place of business is in Nassau County, New York.

11. Defendant, COUNTY OF NASSAU, is a duly constituted municipal corporation of the State of New York, existing and operating under and by virtue of the laws of the State of New York.

FACTS

12. On or about February 26, 2018 an *Ex Parte* Order of Protection was served upon Plaintiff, issued by the Family Court, State of New York, County of Nassau, File Number 605372. The Order was issued pursuant to the Complaint of Susan Xu, the wife of Plaintiff, in connection to a divorce proceeding.

13. Pursuant to the laws of the State of New York, Plaintiff's Pistol License was suspended and possession of any firearms by the Plaintiff was prohibited.

14. Shortly thereafter Plaintiff received a pistol license suspension letter from the Nassau County Police Department, Pistol License Section.

15. On April 23, 2018 at the hearing before the Family Court, the Order of Protection was vacated and the matter dismissed.

16. Under the New York Family Court Act §842 (a) (4) the suspension is to remain in effect for the duration of the order, which duration ended April 23, 2018.

17. Even though on May 18, 2018, a copy of the Order dismissing said *ex parte* Temporary Order of Protection was delivered to the Pistol License Section, and even though the Plaintiff is not disqualified under state or federal law from possession of firearms, the Defendants have refused to re-instate Plaintiff's pistol license.

18. On May 18, 2018, Plaintiff requested of Defendants a "post deprivation hearing" before a neutral party as required by decisions of the United States District Courts, Eastern District of New York and the Second Circuit Court of Appeals (Letter Annexed and Incorporated Herein as Exhibit **A**).

19. In addition, Defendants have advised that Plaintiff's pistol license will remain suspended for a period of, at a minimum, of two years and will depend on the result of their investigation as to whether it will be re-issued at all and that it was entirely at their discretion to do so or not.

20. In addition, Defendants have advised the Plaintiff that he is not only prohibited from possessing pistols during the suspension of his pistol license, but also the possession of any long guns during the suspension of his pistol license, even though no license or permit is required for the possession of long guns in Nassau County, New York, and the order of protection has been vacated.

## COUNT ONE
(Right to Keep and Bear Arms)

21. Paragraphs 1 through 20 are re-alleged and incorporated herein as if they are fully set forth.

22. The Second Amendment to the United States Constitution, which applies to the States and subdivisions thereof through the Fourteenth Amendment, provides: "A well

regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

23. Plaintiff has an individual, enumerated, fundamental right to possess a handgun, at a minimum, in his home for the purpose of defense and other lawful purposes. In the state of New York a Pistol License is required to legally possess a handgun, therefore the Plaintiff has an individual, enumerated, fundamental right to a pistol license.

24. In addition Defendants have advised the Plaintiff that he is prohibited from possessing long guns for the duration of his license suspension. Plaintiff fears criminal prosecution should he possess long guns, and therefore has standing to challenge this policy of the County of Nassau.

25. The above-described acts of Defendants in refusing to return Plaintiff's Pistol License and in threatening criminal prosecution should he possess any guns what so ever for the duration of the suspension, which is open ended and may be permanent, have abridged and infringed on the right of the Plaintiff to keep and bear arms in violation of U.S. Const., Amends. II and XIV.

COUNT TWO
(Due Process)

26. Paragraphs 1 through 20 are re-alleged and incorporated herein as if they are fully set forth.

27. The Fifth and Fourteenth Amendments to the United States Constitution provide that no State shall deprive any person of life, liberty, or property without due process of law.

28. Plaintiff's firearms constituted private property that was lawfully possessed by Plaintiff pursuant to State and Federal law. Moreover, the manner in which Plaintiff kept, bore, and possessed such property was a liberty interest recognized by State and Federal law.

29. Defendants' failure and refusal to return Plaintiff's pistol license and their policy extension of the license suspension to possession of long guns and their failure and refusal to provide a "prompt post deprivation hearing" regarding retention of his pistol license constitute a denial of due process under the Fifth and Fourteenth Amendments of the United States Constitution.

COUNT THREE

(Monell Claim)

30. Paragraphs 1 through 29 are re-alleged and incorporated herein as if they are fully set forth.

31. The Plaintiff was deprived of his constitutional rights as set forth above as a result of the policy of the Commissioner of Police, the Nassau County Police Department and Nassau County as follows:

    a. by intentionally failing to provide a deadline for decisions regarding said licenses;

    b. by failing to provide a "prompt post deprivation hearing" before a neutral party regarding the failure or refusal to issue or re-instate said license;

    c. by failing to provide notice of the procedures to request a prompt "post deprivation" hearing;

    d. by failing to provide any judicial review of the decisions of the Pistol License Section or the Commissioner of Police, who is the Pistol Licensing Officer for Nassau County;

    e. by arbitrarily delaying the beginning of any pistol license investigation for any period they wish;

    f. in refusing to recognize the decisions of the Family Court in this and similar situations, which hearings comply with the "due process" requirements of the U.S. District Courts of the Eastern District of New York and the Second Circuit Court of Appeal, in that they are "prompt" (must be held within 14 days of the issuance of a *ex parte* temporary order of protection), they are before a neutral party (the family court judge) and there are provisions in law for the appeal of said decisions;

    g.    in expanding their suspension of a pistol license to a prohibition of possession of long guns not requiring a license, after the order of protection is vacated, thereby giving themselves total discretion to completely deny a persons right to keep and bear any fire arms, at their discretion. Said policy constitutes an *ultra vires* act for the purpose of intentionally depriving persons of their constitutional rights.

32.    The aforesaid policies have been approved and adopted by the highest level of authority in Nassau County, including the County Executive, Chief of Department of the Police Department of the County of Nassau and the Commissioner of Police of Nassau County.

33.    The above authorities have directed and ordered members of the Nassau County Police Department to execute said policies.

34.    Because the aforesaid governmental policies, rules and regulations resulted in the denial of Plaintiff's constitutional rights, the County of Nassau is liable to the Plaintiff for monetary damages and injunctive relief.

COUNT FIVE

(Intentional Infliction of Emotional Distress)

35.    Paragraphs 1 through 34 are re-alleged and incorporated herein as if they are fully set forth.

36. Even though Defendants:

   a. knew Plaintiff was a nationally ranked and sponsored competitive pistol shooter;

   b. that he engaged in pistol matches throughout the State of New York and that such legal activity was his calling;

   c. that he was suffering financial loss as a result of the suspension of his pistol license, and;

   d. even though they knew that the *ex parte* Temporary Order of Protection had been vacated;

   Defendants still refused to re-issue Plaintiff's pistol license or to hold a prompt "post deprivation" hearing or to recognize the decision of the Family Court.

37. All of the above intentional violations of Plaintiff's civil rights constituted an intentional infliction of emotional distress.

## COUNT SIX
(New York Penal Law Art. 400 is Unconstitutional)

38. Paragraphs 1 through 37 are re-alleged and incorporated herein as if they are fully set forth.

39. To the extent the "policy" and acts and omissions as set forth and complained of above are derived from, authorized or justified by the language of McKinney's Penal Law Articles 400 and 265, that gives the licensing officer almost unlimited discretion to grant, deny, suspend, revoke, delay or limit a pistol licenses and thus citizens' constitutional rights under the 2nd, 5th and 14th Amendments to the United States Constitution, such law is unconstitutional.

## MONETARY DAMAGES

40. Paragraphs 1 through 39 are re-alleged and incorporated herein as if they are fully set forth.

41. Plaintiff is a sponsored competitive pistol shooter who receives economic benefits in the approximate amount of $100,000.00 per year. As a result of the Defendants' unconstitutional acts and omissions as set forth above, plaintiff has and will be damaged in the above amount at the approximate rate of $100,000.00 per year until approximately one year after his pistol license is restored.

WHEREFORE, Plaintiff prays that the Court:

1. Issue a temporary restraining order and permanent injunctions:

(a) Ordering Defendants to place time limits on decisions regarding pistol licenses;

(b) Ordering Defendants to provide written notice of decisions regarding pistol licenses and the reasons for said decisions;

(c) Ordering Defendants to institute a procedure, for a "prompt post deprivation" hearing before an "impartial decision maker" when ever a pistol license is suspended, revoked or delayed, or when any fire arms are confiscated, in line with *Panzella v. Sposato et al* 863 F.3d 210 (2nd Cir., July 18, 2017) and *Razzano v. County of Nassau*, 765 F.Supp.2d. 176, E.D.N.Y. (2011);

2. Hold those portions of McKenney's New York, Penal Law Articles 265 and 400 granting the pistol licensing officer power to issue, deny, limit or delay pistol licenses at his discretion unconstitutional, in violation of Amendments 2, 5 and 14 of the United States Constitution and in violation of *District of Columbia v. Heller* 554 U.S. 570, 128 S. Ct. 2783 (2008) and *McDonald v. City of Chicago* 561 U.S. 742, 130 S. Ct. 3020 (2010) and issue an injunction prohibition the enforcement of those provisions;

3. Holding the policy of Defendant in expanding their suspension of pistol licenses to the prohibition of long guns, even after the order of protection has been vacated, as an *ultra vires* act and prohibit the enforcement of said policy;

4. Render judgment against defendants as follows:

(a) On each Count in such sums as may be determined upon the trial of this action, including, but not limited to actual and punitive damages;

  (b) For reasonable attorney's fees pursuant to 42 U.S.C. §1988, together with cost and disbursements; and

  (c) For such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
   June 20, 2018

*[signature]*

Robert T. Bean (RB 4464)
Attorney for the Plaintiff
Law Office of Robert T. Bean
3033 Brighton 3rd Street
Brooklyn, New York 11235
(718) 616-1414
E-Mail: RBeanlaw@aol.com